UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED
FEB 0 5 2013

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| DARYL T. SCHEETZ, | * | CIV. 13-4011 |
| Petitioner, | * | |
| -vs- | * | OPINION AND ORDER |
| DOUGLAS WEBER, Warden; THE ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA; | * | |
| Respondents. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Petitioner, Daryl T. Scheetz, an inmate at the South Dakota State Penitentiary, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## PROCEDURAL HISTORY[1]

Scheetz pled guilty to charges of Aggravated Assault and Grand Theft in Yankton County, South Dakota. On July 31, 2007, Scheetz was sentenced to 15 years for the assault and 10 years for the grand theft, with the sentences to be served consecutively. Scheetz appealed and the South Dakota Supreme Court affirmed his conviction on April 28, 2008.

Scheetz filed a state habeas petition on October 23, 2009, which was denied on June 29, 2012. Scheetz requested a certificate of probable cause directly from the South Dakota Supreme Court which was denied on November 16, 2012. This federal case was filed on January 28, 2013.

## ANALYSIS

### AEDPA Statute of Limitations

Scheetz's instant federal habeas petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), which imposes a one-year statute of limitations for filing federal habeas

---

[1]The information in this section has been gleaned from Scheetz's Petition and the attached documents.

petitions. 28 U.S.C. § 2244(d)(1); *Beery v. Ault,* 312 F.3d 948, 949 (8th Cir. 2003). The federal limitations period runs from the date on which Scheetz's state judgment became final by the conclusion of direct review or the expiration of time for seeking direct review. *Id.* By Supreme Court rule, a petitioner has 90 days from the date of entry of judgment in a state court of last resort to petition for certiorari. *Id.,* Sup. Ct. R. 13. The statute of limitations is tolled, however, while "a properly filed application for State post-conviction review is pending." *Id.;* § 2244(d)(2). *See generally, Painter v. State of Iowa,* 247 F.3d 1255, 1256 (8th Cir. 2001) ("a review of our cases makes clear, however, that the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period."). *See also Curtiss v. Mount Pleasant Correctional Facility,* 338 F.3d 851, 853 (rejecting the suggestion that the federal filing deadline had not expired because state petition was timely filed according to state law, and federal petition was filed within one year after state statute of limitations had expired); *Jackson v. Ault,* 452 F.3d 734, 735 (8th Cir. 2006) ("It does not matter that [petitioner's] . . .state post conviction relief application was timely filed under [state] law. The one year AEDPA time limit for federal habeas filing cannot be tolled after it has expired.").

In this case, the South Dakota Supreme Court affirmed Scheetz's conviction on April 28, 2008. His conviction became final 90 days thereafter - on July 27, 2008. Scheetz did not file his state habeas petition until October 23, 2009, which was more than one year later and beyond the time limit for filing a federal habeas petition.

The Court may raise the statute of limitations issue *sua sponte. Day v. McDonough,* 126 S.Ct. 1675, 1684, 164 L.Ed.2d 376 (2006). The Court must, before acting on its own initiative to dismiss the federal petition based on the AEDPA statute of limitations, "accord the parties fair notice and opportunity to present their positions." *Id.* Further, the Court must "assure itself that the Petitioner is not significantly prejudiced by the delayed focus on the limitation issue, and determine whether the interests of justice would be better served by addressing the merits or dismissing the petition as time barred." *Id.* Accordingly, the Court will order the parties to show cause why his federal petition should not be dismissed as untimely.

## CONCLUSION AND ORDER

Accordingly, it is hereby

ORDERED that:

(1)  The Clerk of Court is directed to serve upon the Attorney General of the State of South Dakota, a copy of the petition and this Order;

(2)  On or before March 22, 2013, the parties shall file briefs, documentation, and/or other appropriate authority showing cause why Goldsmith's federal habeas petition, filed January 28, 2013, should not be dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1).

Dated this 5 day of February, 2013.

BY THE COURT:

John E. Simko
United States Magistrate Judge

3