
FILED
JUN 2 8 2013
[signature] CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| DARYL T. SCHEETZ, | \* | CIV. 13-4011 |
| Petitioner, | \* | |
| -vs- | \* | REPORT AND RECOMMENDATION |
| DARIN YOUNG, Warden,[1] and MARTY JACKLEY, Attorney General, State of South Dakota; | \* | |
| Respondents. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner Daryl T. Scheetz, an inmate at the South Dakota State Penitentiary, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). The Respondent has filed a Motion to Dismiss (Doc. 5) and a supporting Brief with attachments (Doc. 6). Scheetz filed a Response to the Motion to Dismiss (Doc. 15) and a Supporting Memorandum (Doc. 16) with a supporting Affidavit (Doc. 15-1). The Respondent filed a Reply Memorandum (Doc. 17).

## JURISDICTION

Petitioner was convicted in Yankton County, South Dakota, and is currently in custody in South Dakota pursuant to a judgment of a South Dakota State Court. The pending matter is therefore properly before this Court pursuant to 28 U.S.C. § 2254. The pending matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Judge Schreier's Standing Order dated March 18, 2010.

## PROCEDURAL HISTORY

Scheetz pled guilty to charges of Aggravated Assault and Grand Theft in Yankton County, South Dakota. On July 31, 2007, Scheetz was sentenced to 15 years for the assault and 10 years for

---

[1] Darin Young became the Warden of the South Dakota State Penitentiary on May 24, 2013. He has been substituted as the named Defendant in this action pursuant to Fed. R. Civ. P. 24(d).

the grand theft, with the sentences to be served consecutively. Scheetz appealed and the South Dakota Supreme Court affirmed his conviction on April 28, 2008.

Scheetz filed a state habeas petition on October 23, 2009, which was denied on June 29, 2012. Scheetz requested a certificate of probable cause directly from the South Dakota Supreme Court which was denied on November 16, 2012. This federal case was filed on January 25, 2013.

## DISCUSSION

1. **AEDPA Statute of Limitations**

28 U.S.C. § 2244(d) provides:

> (1) A 1-year statute of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's instant federal habeas petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), which imposes a one-year statute of limitations for filing federal habeas petitions. 28 U.S.C. § 2244(d)(1); *Beery v. Ault*, 312 F.3d 948, 949 (8th Cir. 2003). The federal limitations period runs from the date on which Petitioner's state judgment became final by the conclusion of direct review or the expiration of time for seeking direct review. *Id.* By Supreme Court rule, a petitioner has 90 days from the date of entry of judgment in a state court of last resort to petition for certiorari. *Id.*, Sup. Ct. R. 13. The statute of limitations is tolled, however, while "a properly filed application for State post-conviction review is pending." *Id.;* § 2244(d)(2). *See generally, Painter v. State of Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) ("a review of our cases makes clear, however, that the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period."). *See also Curtiss v. Mount Pleasant Correctional Facility*, 338 F.3d 851, 853 (rejecting the suggestion that the federal filing deadline had not expired because state petition was timely filed according to state law, and federal petition was filed within one year after state statute of limitations had expired); *Jackson v. Ault*, 452 F.3d 734, 735 (8th Cir. 2006) ("It does not matter that [petitioner's] . . . state post conviction relief application was timely filed under [state] law. The one year AEDPA time limit for federal habeas filing cannot be tolled after it has expired.").

Petitioner's conviction was affirmed by the South Dakota Supreme Court April 28, 2008. His conviction became final, therefore, on July 28, 2008. He submitted his state habeas petition on October 23, 2009, well beyond the one-year statute of limitations for filing a federal habeas claim.[2]

### 2. Petitioner's Affidavit

Scheetz filed an Affidavit (Doc. 15-1) explaining why he did not file his § 2254 Petition within the AEDPA one year statute of limitations. In his Affidavit, Scheetz explains:

He is not trained in the law. *Id.* ¶ 6. When his conviction was affirmed by the South Dakota Supreme Court, (April 2008) he "promptly" began working on his state habeas claim. ¶ 7. He was placed in the MDSP Segregated Housing Unit (the "hole" or the SHU) for a disciplinary infraction for sixty two days between November, 2008 and January, 2009. *Id.* at ¶¶ 8-9. He did not have access to his legal materials during that time. *Id.* Then he was transferred to the SDSP in Sioux

---

[2]From July 28, 2008 until October 23, 2009 is 452 days, or 87 days past the one year filing deadline. An additional 70 days lapsed between the time the South Dakota Supreme Court denied Petitioner's Motion for Certificate of Probable Cause on November 16, 2012 and the date he filed the instant Petition on January 25, 2013. In total then, the Petition is 157 days or over five months tardy.

3

Falls at the end of January, 2009. *Id.* at ¶ 9. His legal materials were lost in the move. *Id.* at ¶ 10. Scheetz's legal materials were finally found in August, 2009. *Id.* at ¶ 14. Scheetz alleges the staff at SDSP "were unhelpful and indifferent to [his] plea to find his legal papers and materials. Moreover, [he] was never told by the ILAO or any attorney about the one-year time limitation until now." *Id.* at ¶ 23.

### 3. Equitable Tolling and § 2244(d)(1)(B)

Petitioner asserts his failure to timely file a federal application should be excused by the doctrine of equitable tolling. *See* Doc. 20. The United States Supreme Court and the Eighth Circuit have recognized the one-year AEDPA statute of limitations may be equitably tolled. *Holland v. Florida*, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010); *Baker v. Norris*, 321 F.3d 769, 771 (8th Cir. 2003). "[E]quitable tolling may be invoked only in limited circumstances, such as when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Id.* (citations omitted). Equitable tolling is also appropriate when the conduct of the defendant has lulled the petitioner into inaction. *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). Generally, a litigant seeking equitable tolling must establish two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way. *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006). Petitioner cites the temporary loss of his legal materials and his lack of knowledge of the law as the reason to apply equitable tolling.

In *Walker*, the Court refused to apply equitable tolling because among other reasons, the prison provided the inmates with "fill-in-the-blanks" forms designed for completion without the assistance of counsel. The Court notes these "fill-in-the-blank" forms are also available to South Dakota DOC inmates, and Petitioner used one in this case. The AEDPA one year statute of limitation is printed on page 4 of the current version of the form.

The Eighth Circuit has explained that if a prison law library makes available the necessary information regarding federal habeas applications (including the relevant statute of limitations) a prisoner "has no basis to complain that the adequacy of the library prejudiced his ability to pursue a timely application for writ of habeas corpus." *Entzi v. Redmann*, 485 F.3d 998, 1005 (8th Cir. 2007).

4

A prisoner's own ignorance of the law regarding the statute of limitations, or the interaction between the AEDPA and his state proceedings, does not justify equitable tolling. *Baker v. Norris*, 321 F.3d 769, 771 (8th Cir. 2003) emphasized that "prisoners are not exempt from the principle that everyone is presumed to know the law and is subject to the law whether or not he is actually aware of the particular law of which he has run afoul. Ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Id.* (citations omitted, internal punctuation altered.) Petitioners are expected to diligently pursue, monitor and investigate their own post-conviction cases. *Maghee v. Ault*, 410 F.3d 473, 476-77 (8th Cir. 2005). Simply alleging a lack of legal knowledge or understanding of the law, therefore, is insufficient to invoke equitable tolling. *Kruetzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1016 (8th Cir. 2003).

That Scheetz did not have access to his (unspecified) "legal materials" for a period of time while he was in the Secure Housing Unit "hole" for a disciplinary infraction likewise does not justify equitable tolling. First, the Respondents deny that placement in the SHU results in separation from an inmate's legal papers. The Respondents attached to their brief a copy of MDSP's policy which indicates SHU residents are allowed to have their legal papers in their possession. Even assuming, however, that Scheetz was separated from his "legal materials" while he was in the SHU, that did not occur until several months after the South Dakota Supreme Court affirmed his conviction. Scheetz claims he "promptly" began working on his habeas before was separated from his "legal materials." Doc. 15-1, ¶ 7. The Eighth Circuit has noted generally that equitable tolling affords the otherwise time-barred prisoner an "exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d at 805. In *Jihad*, the following were rejected as "extraordinary circumstances" which the Petitioner claimed entitled him to equitable tolling: an unsuccessful search for postconviction counsel; no access to his trial transcript, and unsuccessful attempts to obtain advice from state and federal officials about how to commence his habeas claim. Instead of "extraordinary circumstances" the court characterized these as the kinds of obstacles faced by most habeas petitioners, which Congress presumably considered when it enacted the one-year limitations period. *Id.* at 806-07.

5

"Any invocation of equity to relieve the strict application of the statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003). In *Cross-Bey* the Eighth Circuit found the Petitioner's own conduct doomed his equitable tolling claim. "This case presents no extraordinary circumstances beyond the prisoner's own conduct that made it impossible for him to file a timely petition . . ." *Id.* That Scheetz was placed in the hole for a disciplinary infraction and as a result (he claims) was separated from his legal materials is not an "extraordinary circumstance beyond [his] own conduct that made it impossible to file a timely petition . . ." *Id.*

### 4. Petitioner's Application is Untimely

As explained above Scheetz's conviction became final on July 28, 2008. He submitted his state habeas petition on October 23, 2009, well beyond the one-year statute of limitations for filing a federal habeas claim. Further, An additional 70 days lapsed between the time the South Dakota Supreme Court denied Petitioner's Motion for Certificate of Probable Cause on November 16, 2012 and the date he filed the instant Petition on January 25, 2013. In total then, the Petition is 157 days or over five months tardy. All calculations lead to the conclusion that Petitioner's instant § 2254 application for habeas corpus relief was filed well beyond the one year statute of limitations as it is defined in 28 U.S.C. § 2244(d)(1) & (2). Scheetz has not shown that (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way of timely filing. *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006). For these reasons, his § 2254 Petition should be dismissed as untimely.

### CONCLUSION AND RECOMMENDATION

Because more than one year passed during which no direct appeal or state habeas petitions were pending before Petitioner filed his federal habeas petition, this action is barred by the AEDPA one-year statute of limitations. Petitioner has failed to show he diligently pursued his claims or that extraordinary circumstances prevented him from filing in a timely manner. Further, no state-created impediment prevented timely filing. Neither equitable tolling nor 28 U.S.C. § 2244(d)(1)(B), therefore, apply. No evidentiary hearing is warranted.

6

The Court finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right" and thus a certificate of appealability should not be issued in Petitioner's case. 28 U.S.C. § 2253(c)(2). Although 28 U.S.C. § 2253(c)(2) has been found to be "only a modest standard," Petitioner has not shown that "the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement or to proceed further.'" *Randolph v. Kemna*, 276 F.3d 401, 403 n.1 (8th Cir. 2002) (citations omitted).

It is therefore respectfully RECOMMENDED to the District Court that:

(1) Petitioner's application for writ of habeas corpus (Doc. 1) be DENIED with prejudice.

(2) No Certificate of Appealability be issued.

(3) Respondent's Motion to Dismiss (Doc. 5) be GRANTED.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

*Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990)
*Nash v. Black*, 781 F.2d 665 (8th Cir. 1986)

Dated this 28 day of June, 2013.

BY THE COURT:

John E. Simko
United States Magistrate Judge