FILED
AUG 19 2013

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

*********************************************************************

| | | |
|---|---|---|
| DARYL T. SCHEETZ, | * | CIV 13-4011 |
| | * | |
| Petitioner, | * | |
| | * | |
| vs. | * | MEMORANDUM OPINION |
| | * | AND ORDER |
| DARIN YOUNG, Warden[1]; and | * | |
| MARTY JACKLEY, Attorney General, | * | |
| State of South Dakota, | * | |
| | * | |
| Respondents. | * | |

*********************************************************************

    Petitioner Daryl T. Scheetz, an inmate at the South Dakota State Penitentiary, has filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner objects to the Report and Recommendation from Magistrate Judge Simko which recommends dismissal for failure to timely file the 28 U.S.C. § 2254 Petition.

    Scheetz pled guilty to charges of aggravated assault and grand theft in Yankton County, South Dakota. On July 31, 2007, Scheetz was sentenced to consecutive terms of 15 years for the assault and 10 years for the grand theft. The South Dakota Supreme Court affirmed the conviction on April 28, 2008. A state habeas petition was filed on October 23, 2009, which was denied on June 29, 2012. A certificate of probable cause was denied by the South Dakota Supreme Court on November 16, 2012. This federal action was filed on January 28, 2013[2].

    Scheetz claims inadequate representation by counsel in the sentencing phase. Scheetz claims

---

[1] Darin Young became the Warden of the South Dakota State Penitentiary on May 24, 2013. He has been substituted as the named Defendant in this action pursuant to Fed. R. Civ. P. 24(d).

[2] This federal action was filed on January 28, 2013, rather than January 25, 2013, the date stated in the Report and Recommendation.

that the plea agreement was for concurrent sentences and when the sentencing judge announced consecutive sentences, Scheetz's lawyer said nothing and did nothing despite Scheetz pointing out to him that the sentence was in violation of the plea agreement. The current record does not establish what the plea agreement was, nor does the record establish that a plea agreement was actually agreed to by the parties, let alone adopted by the sentencing judge.

The Report and Recommendation calculates that from July 28, 2008, until October 23, 2009, is 452 days, or 87 days past the one year filing deadline. Another 73 days passed after the South Dakota Supreme Court denied Petitioner's Motion for Certificate of Probable Cause on November 16, 2012, until this Petition was filed on January 28, 2013. This Petition is 160 days beyond the one year statute of limitations.

Petitioner in his Objections makes various claims including his lack of education as a high school dropout and his lack of knowledge of the law. Although the question is one of equitable tolling, those considerations are held to not warrant equitable tolling. *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1016 (8th Cir. 2003).

Petitioner alleges in his Objections to the Report and Recommendation that he was put in the Secure Housing Unit (SHU) or as he put it, the "hole" at Mike Durfee State Prison. Petitioner also claims that his belongings including all his legal papers were placed in storage at that prison and that 62 days later he was transferred on January 31, 2009, to the South Dakota State Penitentiary, still without any access to his property. While in the SHU Petitioner alleges he had no access to his legal papers nor any law library. Once he got his property at the South Dakota State Penitentiary, his legal papers were missing and remained missing for over 6 months until they were found at Mike Durfee State Prison and forwarded to Petitioner at the South Dakota State Penitentiary.

July 28, 2008, is when Petitioner's South Dakota convictions became final. There is equitable tolling from when Petitioner went into the SHU until when Petitioner's legal papers were returned to him. The reason for the possible tolling is not that the conduct of the Defendant lulled the

2

Petitioner into inaction as the Petitioner has been reasonably diligent in pursuing relief. Instead, the question is whether extraordinary circumstances beyond a prisoner's control made it impossible to file a Petition on time. *Kreutzer v. Bowersox, supra*, at 463. How "impossible" must it be? Searching for appellate counsel is not enough for equitable tolling. *Jackson v. Ault*, 452 F.3d 734 (8th Cir. 2006). Lack of a transcript is not enough for equitable tolling. *Jhad v. Hvass*, 267 F.3d 803 (2001). Having been deprived of all legal papers is enough to warrant equitable tolling. With equitable tolling for the period in which the Petitioner was without his legal papers, it is enough time of tolling to prevent dismissal. The Court finds the Petition to have been timely filed due to equitable tolling for the period indicated which Petitioner was deprived of all of his legal papers.

Petitioner also objects to the finding in the Report and Recommendation that Petitioner has failed to make a substantial showing of a denial of a constitutional right. On that issue, the Court directs that the South Dakota trial court file including the plea agreement and the sentencing transcript, if there is one, be provided to this Court on or before September 4, 2013.

IT IS ORDERED:

1. That the Report and Recommendation of Magistrate Judge John E. Simko is granted in part and denied in part.

2. That the Objections of Petitioner to the Magistrate Judge's Report and Recommendation are granted in part and denied in part.

Dated this 19th day of August, 2013.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *Summer Wahweh*
         DEPUTY